The final case set for oral argument this morning is number 21-507 Boyar v. Mnuchin. Yes, do you want me to proceed? Yes, I guess we do not have, and Mr. Boyar was to appear via telephone. Could the clerk please advise whether Mr. Boyar is available? Yeah, that's him. He was just speaking. Oh, okay. Okay. Mr. Boyar? Yes. Could you please proceed? I'm, you know, proceeding a pro se, okay? Yes. All right, so I'm just going to read a statement that I prepared, okay, concerning this. My oral argument today concerns Judge John Sinatra of U.S. District Court for Western New Decision to dismiss the case Boyar v. Mnuchin for failure of the appellant to state a claim and failure of the appellant to exhaust administrative remedies. I'm seeking a reversal of Judge John Sinatra's decision to dismiss the case Boyar v. Mnuchin and the Rule 38B of the Federal Rules of Civil Procedure. Appellant has made the argument in his brief to the United States Court of Appeals for the 2nd District that appellant's discovery demands were extremely limited by the Equal Employment Opportunity Commission's post-conference order of April 12, 2019, by Supervisory Administrative Law Judge William McCauley. As a result of Judge McCauley's limiting plaintiff's discovery and interrogatories, plaintiff was unable to fully develop his discrimination charges in his complaint. Regarding defendant's assertion that plaintiff failed to state a claim, plaintiff has pleaded or plaintiff has pled sufficient facts to state a claim and did not rely merely on legal conclusions as the defendant alleges. So Judge Sinatra's decision to dismiss the case for failure of the appellant to state a claim should be reversed. Also, plaintiff did exhaust all administrative remedies regarding his retaliation claims. The two incidents leading to plaintiff's retaliation claims were thoroughly described by the defendant in the ROI page number 40 and in other sections of the ROI. This affirms that plaintiff's retaliation claims were reasonably related to plaintiff's claims of discrimination and Judge Sinatra's decision that plaintiff failed to exhaust administrative remedies should be reversed. Mr. Boyer, what allegations in your complaint suggest that you were dismissed for something other than poor performance and dress code for a discriminatory and unlawful discriminatory reason? Could you just give one or two examples? Well, what happened, well, my immediate supervisor was very critical. It was very, you know, extremely rude to me throughout, you know, when I was on the phones and I have described those incidents in, you know, the brief and most is circumstantial right now because I wasn't allowed answers to all my discovery questions or even I was very limited to answers to my discovery questions. So, in other words, my discrimination charges of, you know, in terms of race, age, sex, and national origin are all mostly circumstantial at this time, but given further discovery, I believe, you know, that would change. Okay. You don't have any facts? You can't allege any facts at this point to show that the actions? Well, I did. Let me get to my brief here. Hold on a second. We have your brief, Mr. Boyer. We have your brief and you've reserved a minute of rebuttal, so maybe you could, while we're hearing from your opposing counsel, you could take a look and see if there's material in your brief that you could point to. Well, you know, in terms of all statement of fact in the brief, that's, you know, the statement of fact what happened. All right, Mr. Boyer, when you have a minute of rebuttal, we'll come back to you in just a minute. All right? Okay, ma'am. Thank you. Thank you. I'm not sure I pronounced your name correctly. Good morning. May it please this honorable Michael Ceroni from the U.S. Attorney's Office on behalf of the government. Thank you for your time today. Briefly, I just want to start with Mr. Boyer's discrimination claims under Title VII in the ADEA. You know, the government agrees he does not have a heavy pleading burden here under this court's case law, but under this court's jurisprudence, he does have at least a minimal pleading burden of pleading some facts suggesting an inference of discriminatory motivation here. And Mr. Boyer has certainly alleged mistreatment by his former supervisor, Ms. Walsh. He's alleged his termination, of course, but he has alleged no facts suggesting that that mistreatment or termination had anything to do with any of his protected characteristics, whether they be religion, sex, national origin, or age. There's really just not even a hint of it in the complaint. He's clearly failed, his discrimination claims clearly failed under Iqbal and Twombly, and the government would respectfully request an affirmance on that ground. With respect to the hostile work environment claims, the analysis is fairly similar. He's alleged harassment by his former supervisor, but he's alleged not a single fact that could lead to a plausible inference that that harassment had anything to do with his protected characteristics. And we would, again, ask respectfully for an affirmance on that ground. With respect to the retaliation claim, as an initial argument, the government believes that Mr. Boyer is simply not, that he's waived that argument, that the district court has erred in finding a failure to exhaust because he did not raise it in his appellate brief. In contrast, at pages 13 and 14 of the brief, he argues that he stated a retaliation claim. He did not make an exhaustion argument in his appellate brief. But even if the court were inclined to consider the substantive merits of the exhaustion argument, it's pretty clear that the record does not support his position because he did not check the retaliation box in his administrative complaint. He did not mention the words retaliation of appraisal in his administrative complaint. Mr. Cerrone, may I ask, are we expecting pro se plaintiffs such formalism as checking the box when the argument is made that he made a complaint and then he got fired? That's a fair question, Your Honor. And there certainly is a certain sort of hyper technicality in that argument. But I would respectfully refer, Your Honor, to this court's decision in Little John, where the court did find that the failure to check a box was significant in that particular case. In that case, the plaintiff- Isn't the better argument that the administrative court wasn't able to actually opine or review on it? They weren't actually able to examine it in the they were supposed to as opposed to a box checking? You're referring to Little John. Right. In Little John, the court did find it significant. My reading of the case did find it significant that the box was not checked, not only in the administrative complaint, but also in the intake questionnaire in that case. We do not have an intake questionnaire in this particular case. The court also- It's more than the box, right? I mean- Of course. My understanding is the incidents that he thought were retaliatory, right? The dress code violation and the sexual harassment report, were they mentioned in the EEOC complaint? They're not. And that's where this case becomes very similar to- Even if he didn't need to check the box, he should have at least provided the allegations constituting retaliation. Agreed. Yes. Exactly. Exactly. The box itself is not, of course, is not- Excuse me. Mr. Boyer, you need to wait your turn. We'll come back to you in a minute. Go ahead, Mr. Spadafore. Thank you. I'll just briefly finish up. The box, of course, is not dispositive, but the court in Little John did find it to be a part of its decision in finding a failure to exhaust. Your Honor, you're absolutely correct that the bigger question is that the two claims of retaliation, the two incidents that he puts in his district court complaint are not in the administrative complaint. And so based on that, the record simply does not Thank you very much. Thank you for your argument. Mr. Boyer, you have a minute to offer a rebuttal. Yeah. Well, I already mentioned they're reasonably related in terms of the retaliation claims. They were in the ROI investigative report by the EEOC. Mr. Boyer, are we right in understanding that your retaliation claim is that the write-up you got basically for poor performance and dress code was a retaliation for your complaining about your manager's rudeness. Is that right? Well, I inferenced why I said the dress code violation and then the complaint by someone that I was sexually harassing them or something. I still don't know who said that. Those two items not the poor performance that you mentioned that I dispute also. But the main point was as I tell you, I didn't have the proper discovery of the EEOC administrative law judge. Judge McCauley did not give me the right to submit all my discovery questions to the defendant. And to me, that's extremely ridiculous because those I would need to formulate the discrimination charges. And I think it's pretty much mostly circumstantial now, my evidence, but in terms of proving my case. But all I'm asking for is a jury trial so I could perform discovery and prove my case. All right, Mr. Boyer, I think we have the arguments. We have your papers. We'll review them carefully. Thank you both for your arguments. If it's denied, I will take it to the Supreme Court. Thank you. We understand. Thank you. This concludes our calendar for oral argument this morning. The clerk will please adjourn court. Court is adjourned. Thank you. I'll transfer you. Thank you.